number 21-1444 United States v. Feldman Good morning, Your Honor. May it please the Court. I'm Stephen Feldman from Stradley, Roman, Stevens & Young on behalf of Defendant Ellen Cliffus Belfont. Mr. Belfont's sentencing proceeding was flawed in several significant ways. As a result, the matter should be remanded for resentencing before a different district court judge. First, the district court imposed a special condition of supervised release, requiring mental health counseling, including psychotropic medications. That was neither contained in the pre-sentence report nor proposed in the government sentencing submission. Rather, it was a new condition, sua sponte, imposed by the district court at sentencing without any prior notice or explanation as to why it was necessary or appropriate and without providing the defendant an opportunity to be heard on the issue. You would agree that there was no objection at sentencing to that, correct? We both, we neither heard it nor objected, Your Honor. Right, so that's reviewable for plain error, you would agree? Well, it's reviewable for the relaxed plain error standard under this pre-sentence. But plain error, whatever version? Yes, I agree with that, Your Honor. And he based it, or he didn't say so, but he might base it on the things that your client said. I mean, the defense that your client made about he's being young, he's being this, he's being sick, so that there is a possibility at least on the record that this was the reason why that condition was placed. The district court had before information that the defendant had been abused and traumatized as a child. He had never taken any psychotropic medications at all, according, at least what I saw on the record. So it was a basis of abuse in childhood that had been treated, but he had- Yeah, but there was that. There were statements by your client that could have been the basis. Now, he didn't mention them, but they were on the record. There was some information in the record. I wouldn't say that it meets the standard of self-evident that the court could go forward and do it without an explanation, Judge Calabresi. So prior to being ordered to participate in these programs with required prescribed medications, with the possibility of additional jail time if he were to violate, Mr. Belfont should have been advised of the conditions and given an opportunity to be heard. Importantly, we didn't even hear the court's imposition of the condition. When you say importantly, clarify what you mean by that. Well, I think, Your Honor, both- Importantly, you weren't paying attention? Importantly, there was no notice. No, no, I'm not talking about that. So we had to, because this was COVID, have a phone on one ear. So if the client normally wants to whisper to the attorney, he passes a note or he whispers. We were six feet apart. To know that the defendant even had anything to say, you had to have a phone to one ear during this proceeding. Yeah, that happens all the time in the courtroom too, right? Clients are leaning over, interrupting an attorney, and I get it. But that was a thought. It's hard, but we require an objection nevertheless. I'm really not seeing how that is relevant. I mean, from our point of view, the fact that we didn't even hear it contributed to the fact that we could not object. What we did the moment we received the judgment, we wrote a motion saying this must have been in error because we had never heard it announced at the sentencing and suggested that it was an error that was included in the judgment and asked the court to correct it and then learned that no, it was intentional. And at that point, the judge provided an explanation. When you said that, did you ask the court to rehear you on it? Did you ask that court to consider it again? We wrote in the motion that we thought it was a clerical error. We didn't just- No, I understand that you said it was an error, which is something that comes before us. But did you ask the district court to hear you on it? No. When the district court informed us it had not been an error and then provided its explanation for the- I'm just wondering whether in this type of case, it comes up an awful lot, and this might be something for the government too, if it isn't much more appropriate for this to be reconsidered by the district court rather than to make it a deal and appeal. I mean, after all, if you say you have some reasons for arguing against it and you say you were taken by surprise, one would think that that would be another way of handling it. I agree, Your Honor. That would have been a useful way to handle it if I had felt the district court was- Okay. We could have tried to reopen the sentencing in that way, but we had instead thought it was a clerical error and we tried to deal with it that way. Mr. Belfont does have particular reasons why this is a particularly problematic condition for him. As someone who wants to be a long-haul truck driver, being ordered to go into mental health treatment programs and potentially taking psychotropic medications could well interfere with his plans to try to have a job and a work that he can do well at in the future. I'll move on quickly because I'm running out of time. The second part of the sentence that Mr. Belfont objects to was the district court's determination that it considered an unsourced report of an unsourced allegation that he committed a battery in an underlying criminal proceeding. But on that, again and again, you were asked whether you objected to that, and you didn't almost to the point of what you would say waiver rather than forfeiture. I mean, I've rarely seen a situation where something like that has come up again and again and again and you've not objected. Well, our view was- I don't mean you. I don't know who- Our view was that the allegation was so bare bones, right? It was completely unsourced. It said reportedly there's an allegation that he hit someone. That's not the kind of fact that one even has to address. Counsel, can't we take judicial notice of the fact that the district judge in Florida twice on the record found as a fact that he did it? And that was in fact, you don't contest, I trust, that that was in fact the basis for the revocation of supervised release. I do not contest that, Your Honor. So how would any error be harmful? Because the district court didn't consider that. The district court should have- But the district court assumed it, let's say. The district court, you were saying, made the finding, but you don't contest it's an error. It's true. She assumed a fact to be true, which you were admitting to us is true. How is that harmful? If the judge at the district court had actually considered that transcript, Judge Nardone- Not the transcript, the fact. The transcript is merely evidence of whether the fact is true. Whether he in fact beat his pregnant girlfriend. So- You're admitting that a judge found that as a fact and that your client admitted it and that was the basis for the revocation of supervised release. So- How is it error for the district court to act upon a fact which you are now conceding is true? The client did not admit it, first of all. The district court found it. Okay, so the judge found it to be fact. The judge found it, the victim denied it happened, and the client denied it happened. But the court found it to be true, so let me rephrase the question. How is it error for the district court here to rely on a fact that was found to be true by another district judge? So, first of all, the district court didn't rely on it. The district, that transcript was not- I'm not saying relying on the finding. I'm saying relying on a fact that the other district court found proven. If the pre-sentence report had- I'm not talking about that. How is it error, just- I'm trying to phrase my question carefully. How is it error for a district court to rely on a fact that another district judge has found proven? The error was that because the PSR was written on this position so badly, we did not feel the need to offer an explanation, and we did not. If it had been in front of- If the facts had been put in in any real way, my client could have, for example, put forward that transcript that you're relying on, where the alleged victim denied that it actually happened. But we never got there because we had this report of an allegation. And so, we never- You're saying that if it had all been litigated, Judge Seibel could have disagreed with the judge who had already violated his revocation based on that finding of facts? She could have decided how much weight to give a hearing where the victim denied that it happened.  Thank you, Judge Park. We'll hear from the government. Good morning, your honors. May it please the court, my name is Emily Dininger, and I represent the United States in this appeal, as I did in the district court. This is a case where the defendant is seeking to conjure up procedural error, charging the district court with having relied upon personal animus, racist, and classist stereotypes, focused by focusing on individual words and phrases of the district court in the pre-sentence report, to which he never objected below, without acknowledging their broader context. In truth, the district court conducted a careful and thorough sentencing proceeding and imposed a below-guideline sentence, which the defendant does not argue was substantively unreasonable. Now, could you just focus on this particular thing in the supervised release? You know, I think that's really the only issue. So, I think first, we would argue that the defendant did waive any argument that the PSR provided an insufficient basis for the district court to conclude he had assaulted his then-pregnant girlfriend. Because he not only failed to object to the PSR, but he also failed to object to the government's descriptions of it as an assault and the district court's description and findings of it as an assault during sentencing. He had multiple opportunities to- I'm sorry. I was asking you to address the mental health in the current supervisor. My apologies. On that, I think the most important thing is that the district court's rationale for imposing this is self-evident in the record. The defendant himself stated at sentencing that he had participated in the offense, in part because he was struggling with issues relating to depression and cloudy judgment, which relates back to the mitigation report that he submitted. It's findings that he had had a long history of neurological and psychological issues, including ongoing issues with panic attacks and cognition. These references and submissions by the defendant to ongoing neurological and psychological issues fully justified the district court's imposition of a special condition for outpatient mental health treatment in order to further his own rehabilitation and reduce the chance of recidivism. The case law is clear that as long as the basis is self-evident in the record, that it can be affirmed. It is clear that any error here in not more specifically describing the rationale at sentencing- to say something to the district court as to why his statements didn't justify this. Would he have had a chance to do that? He had a chance to do that. He could have objected at the time that it was imposed at sentencing, or as Your Honor raised, he could have asked the court to rehear the issue after he reportedly discovered that it was not just an error below. He did not object. He did not ask for a rehearing. The district court's rationale is plain. She herself explained her rationale in the post-sentencing order, and the defendant raised no issue with that rationale after it was offered. What you're saying is that where what is missing perhaps is a more detailed rationale. If somebody objects, the court is likely to give you more details, and if you don't object or don't say something, the court is likely to think it's said enough. I think that is accurate, yes. Could I ask you to just tell me, you make an argument that Sofsky, our decision about there being a relaxed plain error standard in sentencing, has been superseded or implicitly overruled by the Supreme Court in Davis. Is that a question that needs to be resolved in this case? No, Your Honor. I think under any standard of plain error review, there was no plain error here. The district court's reasoning and rationale from posing a special condition is apparent from the record. If the panel has no further questions, I will rest. Thank you, counsel. Mr. Feldman, you're served three minutes for a vote. Thank you, Your Honor. To try to go back and address the issue on supervised release one more time and the questions Judge Calabresi raised, here the defendant had no notice because it was not in the PSR and the district court never said, I am considering this in advance of sentencing, so one, he could never discuss it with counsel. It wasn't something that we could ever meet about and say, what's your view on this? Then the district court imposes it and doesn't impose it or announce it before the defendant speaks or before defense counsel speaks. It's imposed at the very last moment of sentencing. Counsel, when your client begins his term of supervised release, can you move to modify the terms of supervised release, including, for example, asking the court to lift this condition, for example, based on his track record up to then? I don't know the answer to that. I assume that we can make an application like that, Judge. You can always move to modify the conditions of supervised release, right? I assume that's right. I have not ever done that personally. So we're left with a situation where Mr. Belfont has these conditions imposed that he didn't have notice of, was never able to chat with counsel about and take a position, and then there are important conditions because they will prohibit him potentially We understand that. The main question for us is really in situations like this, what is the best way of having whatever arguments you may have been made? And as I indicated earlier, I'm very uncomfortable with those arguments being made to us as against to a district court. And either then by asking for a further consideration or at the time of supervised release when we have more and you can make a motion, isn't that the best way of doing it? Now, you know, it's different in those cases which we've reversed, where there's no reason, whatever, no condition, nothing that says. But in a case like this, isn't it better to leave it in a way that the district court can do that? I understand your point, Judge Calabresi, but at supervised release, the defendant doesn't have assigned counsel at this point. So he's going to get out without assigned CJA counsel and then be left to try to deal with this issue, such as whether it was appropriate to order psychotropic medications when there was no history of him taking any and no basis in the record whatsoever for having included the medications portion of that condition. And so I question whether it would actually be best to leave an indigent defendant without CJA counsel to try to deal with this on his own when supervised release starts. Thank you. Thank you for your time. Thank you. Thank you both. We'll take the case under advisement.